UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSEPHA A. CAMPINHA-BACOTE d/b/a TRANSCULTURAL C.A.R.E. ASSOCIATES, *Plaintiff*, vs. BARRY BLEIDT, ELAINE DEMPS AND TEXAS A&M UNIVERSITY, *Defendants.* | CIVIL ACTION H-10-3481 |

## ORDER

This copyright infringement case is before the court on defendants' motion for reconsideration (Dkt. 16) of the district court's ruling on its motion to dismiss.[1] Having considered the parties' submissions and argument of counsel at a hearing on February 8, 2011, the court grants the motion for reconsideration, dismisses Texas A&M University as a defendant, and orders plaintiff to replead her claims against the individual defendants with more specificity.

**Background**

Initially, the court notes that the Federal Rules of Civil Procedure do not provide for a "motion for reconsideration." Instead, a motion for reconsideration can be treated as a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b). If plaintiff's motion is filed within 28 days of entry of judgment, the court

---

[1] Plaintiff filed a Notice of Appeal on January 18, 2011, while the current motion was pending. Pursuant to Federal Rule of Appellate Procedure 4(a)(4), the Notice of Appeal will be effective after entry of this order disposing of the motion.

construes it as a Rule 59(e) motion. *Cf. Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). The district court's order was entered December 20, 2010 (Dkt. 10). Defendants filed their motion on January 3, 2011. Thus, the court construes the motion for reconsideration as a motion to alter or amend a judgment under Rule 59(e).[2]

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). A motion to reconsider an order granting summary judgment is appropriate when the court is presented with newly-discovered evidence, when the court committed clear error, when there is an intervening change in controlling law, or when other highly unusual circumstances exist. It cannot be used to raise arguments which could, and should, have been made before the judgment issued.[3] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). In deciding a motion to alter or amend judgment pursuant to Rule 59, a court must strike the proper balance between two competing judicial imperatives: the need to bring litigation to an end, and the need to render just decisions on the basis of all the facts. *Templet*, 367 F.3d at 479.

---

[2] Effective December 1, 2009, the time for filing a Rule 59(e) motion was extended from 10 days to 28 days. Thus, plaintiff's argument that because defendants' motion was not filed within 10 days it must be considered under Rule 60(b) standards is no longer accurate.

[3] The order under reconsideration is an order denying a motion to dismiss. Such orders are generally unappealable interlocutory orders. However, the denial of a motion to dismiss on sovereign immunity grounds is immediately appealable. *Henry v. Lake Charles American Press, L.L.C.*, 566 F.3d 164, 177 (5th Cir. 2009). Thus, the court applies Rule 59(e) in this situation just as where a final judgment has issued.

**Analysis**

On November 1, 2010, defendants filed a motion to dismiss this case in its entirety based on the Eleventh Amendment to the Constitution (Dkt. 6). After response from plaintiff, the court denied the motion without explanation (Dkt. 10). Defendants ask this court to revisit that ruling, especially in light of two controlling Fifth Circuit decisions holding that Congress has not effectively abrogated state immunity for copyright infringement suits for monetary damages. *Rodriguez v. Texas Comm'n on the Arts*, 199 F.3d 279, 280 (5th Cir. 2000) ("... the Copyright Clarification Act, 17 U.S.C. § 511 (1994), does not abrogate a state's Eleventh Amendment immunity pursuant to a valid exercise of congressional power . . .."); *Chavez v. Arte Publico Press*, 204 F.3d 601, 607-08 (5th Cir. 2000).

Plaintiff's argument that this Fifth Circuit precedent is not controlling because the Supreme Court has not endorsed it is without merit.[4] The Supreme Court has not ruled to the contrary, and indeed is not likely to do so in light of its ruling on the Patent Remedy Act in *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627 (1999), on which *Rodriguez* and *Chavez* largely are based. *See also Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (holding invalid the Age Discrimination in Employment Act's purported abrogation of the States' sovereign immunity). The court is now convinced that,

---

[4] Plaintiff has not cited, and the court is not aware of, any contrary Circuit Court of Appeals authority. Several district courts have followed *Chavez*. *See, e.g.*, *Salerno v. City University of New York*, 191 F. Supp. 2d 352 (S.D.N.Y. 2001); *Marketing Inf. Masters, Inc. v. Bd. of Trustees of CA State Univ. Sys.*, 552 F. Supp. 2d 1088 (S.D. Cal. 2008).

3

under binding Fifth Circuit precedent, defendant Texas A&M University is entitled to dismissal of the copyright infringement claims against it based on Eleventh Amendment immunity.

However, the court's December order did not err in refusing to dismiss the individual defendants at this stage of the case. The landmark case of *Ex Parte Young*, 209 U.S. 123 (1908) created an exception to Eleventh Amendment immunity for certain claims for prospective relief against state officials who have been sued in their official capacities. *See Nelson v. University of Texas at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008). Here, plaintiff clearly sued the individual defendants in their official capacities. Plaintiff also clearly sued for injunctive relief.[5] It is unclear whether plaintiff adequately alleged a "continuing violation" of federal law as required for relief under *Young*.[6] *Id.* But even under today's restrictive pleading standards, dismissal as a matter of law is premature unless amendment of the Complaint would be futile. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Gentilello v. Rege*, 627 F.3d 540, 546-47 (5th Cir. 2010) (denial of leave to amend not error

---

[5] *See* Complaint (Dkt 1), ¶¶ 4-5 and at 5.

[6] At the hearing, defense counsel argued that *Ex Parte Young* permits only injunctions against officials' continuing violations of the Constitution. In a superseded *Chavez* decision, the Fifth Circuit noted that "*Ex Parte Young* permits suits against state officials to enforce their compliance with any federally-created right." 157 F.3d 282, 291 n.15 (5th Cir.1998). *See also Hairston v. North Carolina Agr. & Tech. State Univ.*, No. 1:04CV1203, 2005 WL 2136923 *8 (M.D.N.C. 2005). The Fifth Circuit did not include this statement in its ultimate ruling in *Chavez*, but remanded for dismissal of claims against the state and individual defendant only "insofar as these defendants are sued for money damages." 204 F.3d at 608. Defense counsel characterized application of *Ex Parte Young* as an "open question" of law. It is a question that must be briefed more thoroughly on any future dispositive motion.

where plaintiff has already been given a fair opportunity make his case). Futility has not been established here.

In addition, the copyright act provides for monetary relief from individuals acting in their individual capacities. Here, plaintiff sued the individual defendants in their individual capacities. Again, plaintiff should be given an opportunity to plead a plausible claim that the individuals acted in their individual capacities, if she can do so in good faith.

## **Conclusion and Order**

Because the court's December ruling contains a clear error, the motion for reconsideration (Dkt. 16) is granted in part. It is ordered that plaintiff's claim for copyright infringement against Texas A&M University is dismissed in its entirety.

It is further ordered that plaintiff's claim for prospective injunctive relief against defendants Bleidt and Demps in their official capacities, and claim for injunctive relief and monetary damages against defendants Bleidt and Demps in their individual capacities, remain pending at this time.

Plaintiff is ordered to file on or before February 22, 2011 an amended complaint stating its claims against the individual defendants with more specificity.

This ruling is without prejudice to the individual defendants' right to reurge a motion to dismiss as to plaintiff's amended complaint.

Signed at Houston, Texas on February 9, 2011.

_Stephen Wm Smith_
Stephen Wm Smith
United States Magistrate Judge
