UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPHA A. CAMPINHA-BACOTE D/B/A | § | |
| TRANSCULTURAL C.A.R.E. ASSOCIATES, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-10-3481 |
| | § | |
| BARRY BLEIDT, ELAINE DEMPS AND | § | |
| TEXAS A&M UNIVERSITY, | § | |
| *Defendant*s. | § | |

## ORDER

This copyright infringement case is before the court on defendants' motion for summary judgment (Dkt. 47). Having considered the parties' submissions and argument of counsel at a hearing on September 15, 2011, the motion is granted in part and denied in part.

## Background

Plaintiff is the owner of a copyright on a 25-question survey entitled "Inventory for Assessing the Process of Cultural Competence Among Healthcare Professionals" (IAPCC), and a revised version known as IAPCC-R, which she refers to as her "survey" or "tool." Dr. Demps and Dr. Bleidt were professors in the Texas A&M University College of Pharmacy in 2006-2010.[1] Demps administered the tool to between 60 and 90 incoming pharmacy students in 2007, 2008, and 2009.[2] Bleidt testified that he acquired permission some time in 2005 to use the survey through 2009. Plaintiff disputes this. The evidence is that neither

---

[1] Demps is still employed by the college; Bleidt is not.

[2] Someone other than Demps administered the survey in 2006.

Demps nor Bleidt, nor anyone else at the school of pharmacy, has administered the survey since 2009.

In August 2010, Demps contacted Bleidt about using the survey for incoming students.  Bleidt told Demps the agreement with plaintiff had expired and she would have to get new permission from plaintiff.  Demps wrote to plaintiff seeking permission to give the survey multiple years beginning in 2010.  Plaintiff responded that the cost would be $735 for 2010, and asked for documentation of the prior agreement with Bleidt.  The pharmacy school decided against using the survey during August 2010 orientation at least in part because it was too expensive.

After a series of e-mail exchanges failed to quickly resolve the issue of prior permission, plaintiff initiated this action on September 27, 2010.  This court dismissed Texas A&M and the monetary claims against Bleidt and Demps in their official capacities on sovereign immunity grounds.  Defendants Bleidt and Demps now move for summary judgment on the remaining claims against them.

**Summary Judgment Standards**

To obtain summary judgment, defendants bear the burden of demonstrating that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law.  Fed. R. Civ. P. 56(c).  The court will enter summary judgment if, after having adequate time for discovery, plaintiffs have produced no

2

evidence to support one or more of the essential elements of their claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  Conversely, where defendants have the burden of proof, they must establish, as a matter of law, every essential element of their defense before plaintiffs can be obligated to produce specific facts rebutting defendants' case. *Chaplin v. Nations Credit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).  In determining the existence of a genuine issue of material fact, the court will draw all inferences arising from the facts in the light most favorable to the nonmoving party. *Hotard v. State Farm Fire & Cas. Co.,* 286 F.3d 814, 817 (5th Cir. 2002).

**Analysis**

**A.    Official Capacity:  Injunctive Relief**

 The landmark case of *Ex Parte Young*, 209 U.S. 123 (1908) created an exception to Eleventh Amendment immunity for certain claims for prospective relief against state officials who have been sued in their official capacities. *See Nelson v. University of Texas at Dallas*, 535 F.3d 318, 320 (5th Cir. 2008).  Injunctive relief is appropriate if there is a reasonable likelihood that defendants will violate the law in the future. *Id.* at 323 (court has jurisdiction to issue an injunction "to end a continuing violation of federal law").

In 2010, Demps inquired about the steps needed to secure permission to use the survey, and Bleidt informed her that she would need to get permission from plaintiff.  It is clear that well before anyone could have contemplated this lawsuit, Demps and Bleidt expressed an intention to secure permission before administering the survey in the future.

There is no evidence anyone at the school of pharmacy used the survey after 2009.  In fact, the record shows that the decision not to use the survey in 2010 was made prior to this lawsuit.  Finally, both Demps and Bleidt have provided affidavits stating that they do not intend to use the survey in the future.[3]  Indeed, it is highly unlikely that defendants will use plaintiff's property legally or illegally in the future.  Given these facts, the court finds no continuing violation of federal law.  Defendants are entitled to summary judgment on plaintiff's *Ex Parte Young* claim.

**B.**      **Individual Capacity: Injunctive and Monetary Relief**

The copyright act provides for injunctive and monetary relief from individuals acting in their individual capacities.  Defendants submit evidence that Demps and Bleidt acted only in the course of their employment by Texas A & M and never used the survey for personal purposes or gain.  Plaintiff argues that the course of employment has nothing to do with it, and that individual defendants may be sued in their individual capacity for their own wrongful acts.  The evidence that Demps and Bleidt acted within the scope of their employment is uncontroverted, but this is not the end of the issue.

---

[3]      Affidavit of Elaine Demps (Dkt. 47-2 at 1-4); Affidavit of Barry Bleidt (Dkt. 47-2 at 6-8).  Plaintiff expresses concern that these affidavits offer little assurance because Texas A&M still possesses unauthorized versions of the survey.  But plaintiff has never asked for those versions to be returned or destroyed, and defense counsel made it clear at the hearing that the documents were only being retained because it would be improper to destroy documents relevant to ongoing litigation.  There is no evidence that anyone at Texas A&M is retaining the documents for future use.

Plaintiff relies on *Marketing Inf. Masters, Inc. v. The Brd. of Trustees of Ca. State Univ. Sys.*, 552 F. Supp. 2d 1088 (S.D. Ca. 2008).  That case is not much help because it merely held that the individual defendant was "not entitled to sovereign immunity from the suit seeking relief against him in his individual capacity."  *Id.* at 1096.  This court has already held the same as to Demps and Bleidt.

Similarly, plaintiff's reliance on *Richard Anderson Photography v. Brown*, 852 F.2d 114 (4th Cir. 1988) is misplaced. The Fourth Circuit affirmed the district court's ruling that the plaintiff's infringement claim against the individual defendant Brown was not necessarily one against the state such that it was barred by the Eleventh Amendment:

> The mere fact that her conduct was undertaken in the course of her state employment does not of course relieve her of her individual liability, even if her employer could not be sued for it.  A state may no more than an individual principal give its agent authority to commit torts without civil recourse.

*Id.* at 122.  The court then went on reverse the district court's ruling, raised *sua sponte*, that "Brown is nevertheless immune to such action by virtue of discretionary function immunity as conferred by state law."  *Id.* (citations omitted).  Demps and Bleidt are not arguing for state law discretionary function immunity, but for qualified immunity under federal law.

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489-90 (5th Cir. 2001).  The dispositive question is "whether an objectively reasonable official would

understand that the alleged improper actions were unlawful." *Chavez v. Arte Publico Press*, 59 F.3d 539, 547 (5th Cir. 1995) (University employee who allegedly authorized printing of a book in violation of copyright was entitled to qualified immunity), *overturned on other grounds after remand* 204 F.3d 601 (5th Cir. 2000). In *Lane v. First Nat'l Bank of Boston*, 687 F. Supp. 11, 16 (D. Mass. 1988), the only case the court has discovered actually addressing the issue, the court held "the law of copyright protection is clearly established by statute and caselaw." The issue then is whether Demps and Bleidt had an objectively reasonable belief that they were in compliance with copyright law.  *See Anderson v. Creighton*, 483 U.S. 635, 641 (1987) (officer entitled to qualified immunity if reasonable officer could have believed actions were lawful in light of information possessed).

Dr. James Robertson, the Associate Dean for Student Affairs, sent Demps a copy of the survey in August 2007 when she was organizing the orientation for incoming pharmacy students.  Demps did not make any additions to the survey she was sent in 2007, but added a space for the students name and UIN, added the class year and date, and deleted one question to arrive at the version she gave in 2008 and 2009.[4]  There is no evidence that Demps is the person who added questions to plaintiff's official version of the survey to arrive at the versions she administered.  Bleidt testified that he told Demps that plaintiff had given permission for use of the survey.[5]  Demps testified that Bleidt told her he had permission to

---

[4]     Demps. Depo. at 9-10 (Dkt. 66).

[5]     Bleidt Depo. at 53-54 (Dkt. 65).

use the survey.[6] It was not unreasonable for Demps to believe her colleague and not demand written proof. Because it was objectively reasonable for Demps to believe that she would not be violating copyright law in administering the survey in 2007-09, she is entitled to summary judgment.

The record is less clear as to Bleidt.  He has testified that he communicated with plaintiff in 2005 and received email permission to use the survey for four years.[7]   There is no documentary evidence of permission, either in the form of a letter, an email, or a copy of the payment check.[8]  Plaintiff claims that she requires a written letter granting permission, not an email, and does not have one in her files for Bleidt or Texas A&M.[9]

The court concludes that fact issues regarding the objective reasonableness of Bleidt's subjective belief that he had permission to use the survey from 2005 through 2009 prevent summary judgment in his favor.

## Conclusion and Order

For the reasons discussed above, defendant's motion for summary judgment (Dkt. 47) is granted as to plaintiffs' *Ex Parte Young* claims and as to claims against Demps in her

---

[6]     Demps Depo. at 23.

[7]     Bleidt Depo. at 19-20, 23.

[8]     Bleidt alleges that this is because his computer crashed, destroying all documents before 2009.  *Id.* at 22.

[9]     Affidavit of Josepha Campinha-Bacote (Dkt. 55 at 55-58).

individual capacity.   Summary judgment is denied as to claims against Bleidt in his

individual capacity.

Signed at Houston, Texas on October 3, 2011.


_____
Stephen Wm Smith
United States Magistrate Judge